# United States District Court of Delaware
## Case- 24-cv-380-JLH

LEROY A. GARRETT, PETROAMIGOS DE VENEZUELA, et al., Plaintiff vs. PETROLEOS DE VENEZUELA, PDV HOLDING INC., et al., Defendants.

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

**FACTUAL BACKGROUND**

On March 26, 2024, the District Court of Delaware, presided by Judge Jennifer Hall, found standing, and accepted, our pro se claim No. 1:2024cv00380, in which we asserted that due to the Alter Ego condition mutually shared by the Venezuelan National oil and Gas Company; Petroleos de Venezuela, (PDVSA) and its American entity PDV Holding, (PDVH) decided by the proceedings actioned by the Creditors of the above-referenced companies, as it is widely known by precedents contained in the doctrine or jurisprudence, once the corporate veil is pierced, and whether the personality of the company fusions with the stockholders or both companies are consider by all means the same entity. Among the universe of creditors are workers affected by consistent abuse of power in a mode amounting to cruelty and human transgressions, and on the top of that deprived of any compensation, they are indeed, the weak side of the creditors group, and by operation of law there is a privilege to prioritize the satisfaction of their flagrantly not fulfilled obligations.

The undersigned and the organization I represent were part of the historical event known in the world as the Petroleum Holocaust, in which twenty three thousand workers were massively outed from their jobs as resulted from a brutal and lawless exercise of power by the then Venezuelan dictator Hugo Chavez. The proceedings filed into the above-quoted case number, contain all the details of such ongoing transgressions against humanity.

Defendant, sufficiently described above, have been summoned to court according to the F. R. Civ. P. 4. At the moment to request this preliminary injunction, as of today, Defendant has not acknowledge such legal notice.

However, according to our calculations they have until the end of August to respond to our claim.

In the meantime, the defendant's asset (PDVH) is being subject to auction proceedings, likely to occur at any moment from now, with the risk that once the transferring of property is made to honor the defendant obligation the new asset owners refuse to constructively work toward our compensation.

We deem as proper the fact that by preponderance of evidence more likely than not under the claim proceedings already initiated by this court, we the plaintiff have an ample margin to succeed in our claim.

According to Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), the majority rule decision concerning preliminary junction, requirements to have the action concurred by court, needs to demonstrate a test determining whether the plaintiff is likely to succeed on the merits, whether the plaintiff is likely to suffer irreparable harm without the injunction, whether the balance of equities and hardships is in the plaintiff's favor, and whether an injunction is in the public interest.



By presenting this action before court, under due respect, and in observance of the formalities required by the law, we request to Court to admit, and to decree this preliminary injunction intended to stop the auction announced by PDVSA holding creditors, until the current proceedings established in our current claim finalizes according to the law.

As mentioned before, by seeking the injunction, we feel once our claim procedure finishes, based on the evidence available at the public domain, and available for us to exhibit as per court request, we the Plaintiff, are more likely to succeed on the merits of our case, in other words, we have the bold reasonable expectation that Judge Hall will come to a resolution for the case deciding in our favor.

The risks of an auction, and the material outcome evidently put in risk our legitimate expectation to finally receive justice, which flagrantly could be denied by such facts, part of our burden of proof, is public and available by a variety of sources online, is indeed, de facto, a compelling and concrete evidence, so we deem for certain that the decree of this injunction, based on the described merits is absolutely necessary.

We have previously inform to the presiding Judge in charge of the PDV Holding Assets auction, and the United States Government of our proceedings, according to the documents already filed in our case.

To have a material elusive, or worse inexistent justice as resulted of the described auction, will constitute an irreparable harm, not only for the undersigned but for thousands of workers awaiting for the favorable outcome once finished our current proceedings, in real tone of redemption.

Pertaining to balance the harm the Plaintiff are about to suffer due to announced auction of PDV Holding assets, compared to the established Creditors, it's not possible comparison to be found, indeed, we the Plaintiff, are the one to tremendously suffer more, they (Creditors) are acquiring a refining, fuel distribution company hub producing billions of dollars annually, for the Plaintiff this is our last chance to find justice.

Clear from the facts that the Court will find a public interest to protect our proceedings by granting this preliminary injunction based on the condition that human dignity, and human transgressions, are both constitutional, and universal values to protect and provide relief to the inflicted wounds.

We, the Plaintiff, based on the above mentioned rationale, request the Court to decree this Preliminary Injunction on behalf of the Plaintiff, to protect our current court proceedings until they finalize according to the Law.

Respectfully.

Dated: July 11, 2024

Respectfully submitted, _[signature: Jerry Cournell]_

Leroy A. Garrett
6725 Fry Road STE 700-338
Katy Texas, 77494
Cell: 832-652-7912
Email: lry_garrett@yahoo.com

*[signature]*
Pro se

Attorney for himself and Attorney in Fact for PETROAMIGOS VENEZUELA