IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY A. GARRETT, <br><br> Plaintiff, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., *et al.*, <br><br> Defendants. | C.A. No. 24-380-JLH |

**ORDER**

Pending before the Court is Plaintiff's Motion for a Preliminary Injunction. (D.I. 9.) Plaintiff seeks a court order halting the auction of Defendant Petróleos de Venezuela, S.A.'s ("PDVSA's") shares in Defendant PDV Holding, Inc. ("PDVH"), ordered by Judge Stark in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-151-LPS. Defendant PDVH filed a response, and Plaintiff filed a reply.[1] (D.I. 13, 15.) Having considered the parties' filings and the relevant authorities, the motion is DENIED.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Defense Resources Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Because a preliminary injunction is an "extraordinary" remedy, the movant bears the burden of making "a clear showing" of his entitlement to relief. *Del. State Sportsmen's Assoc., Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 198 (3d Cir. July 15, 2024) (citations omitted). "When

---

[1] The docket does not reflect service on Defendant PDVSA.

one factor is dispositive, a district court need not consider the others." *Id.* at *6 (quoting *D.T. v. Sumner Cty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019)).

For at least the following reasons, Plaintiff is unlikely to succeed on the merits and therefore is not entitled to a preliminary injunction. First, Plaintiff's *pro se* Complaint identifies the United Nations Convention Against Torture as the federal law under which his claim arises. (D.I. 1.) But the Convention does not create a private civil right of action in district court. *Auguste v. Ridge*, 395 F.3d 123, 133 n.7 (3d Cir. 2005); *Renkel v. U.S.*, 456 F.3d 640, 645 (6th Cir. 2006).[2] Second, Plaintiff's motion asks the Court to "stop the auction announced by PDVSA holding creditors, until the current proceedings established in [Plaintiff's] current claim finalizes according to the law." (D.I. 9 at 2.) *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-151-LPS, 2023 WL 4826467, at *3 (D. Del. July 27, 2023) (describing the court-ordered sales process). But an injunction aimed at Defendants PDVH or PDVSA would not stop that process.

Plaintiff's Motion for a Preliminary Injunction (D.I. 9) is DENIED.

Dated: August 29, 2024

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff alleges in his motion that "On March 26, 2024, the District Court of Delaware, presided by Judge Jennifer Hall, found standing . . . ." (D.I. 9 at 1.) That is incorrect.