IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Leroy A. Garrett<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PDV Holding, Inc.,<br><br>　　　　Defendant. | C.A. No. 24-380-JLH |

## MEMORANDUM ORDER

Pending before the Court is Defendant PDV Holding, Inc.'s Motion to Dismiss for Failure to State a Claim. (D.I. 45.) Having considered the Amended Complaint (D.I. 44 ("AC")), the parties' submissions (D.I. 46, 47, 49, 50, 51), and the applicable law, the motion will be granted and the AC will be dismissed.

　　　　1.　　Plaintiff Leroy A. Garrett, proceeding *pro se* yet purporting to represent approximately 23,000 "petroleum holocaust victims,"[1] seeks to bring claims resulting from Petroleos De Venezuela, S.A.'s ("PDVSA's") mass firing of tens of thousands of Venezuelan petroleum workers in 2002–2003. (AC at 1.[2]) After Plaintiff failed to properly effectuate service of process on PDVSA and failed to respond to the Court's order to show cause why PDVSA should not be dismissed for Plaintiff's failure to properly effectuate service, the Court dismissed PDVSA from the case. (D.I. 33, 34.) The sole remaining Defendant is PDV Holding, Inc. (PDVH), a Delaware corporation and the indirect parent company of CITGO Petroleum Corporation.

---

[1] "[A] *pro se* litigant may not represent the interest of a class in a class action lawsuit." *Ezeyoke v. Ocwen Fed. Bank F.S.B.*, 179 F. App'x 111, 113 (3d Cir. 2006).

[2] Because the allegations are not set forth in consistently numbered paragraphs, the Court cites the page numbers of the AC.

2. A defendant may move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). Because Plaintiff proceeds *pro se*, the pleading is liberally construed, and the AC, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3. The AC appears to re-assert claims against PDVSA. The Court has already dismissed PDVSA due to Plaintiff's failure to properly effectuate service. (D.I. 34.)

4. The AC fails to state a claim against PDVH. In a section titled, "IV. Factual Allegations," the AC states as follows:

> ~23,000 PDVSA workers suffered human rights transgressions, including:
> - Property confiscation via political persecution (e.g., Tascon List blacklisting post-2002 strike, per HRW World Report).

- Denial of essential rights (wages, union activity, per ILO Case No. 3473, June 2004).
- Labor veto (firing, blacklisting, per OAS/IACHR Report, Jan. 7, 2025).
- Physical/mental harm (e.g., harassment, detention, mental distress from blacklisting, per HRW).

(AC at 3–4.) Those are not well-pled factual allegations but threadbare conclusions that the Court cannot credit. *Iqbal*, 556 U.S. at 680–81 (explaining that "bare assertions" of a "conclusory nature" "are not entitled to the assumption of truth"). The AC does not allege any facts plausibly suggesting PDVH's liability to Plaintiff.

5.  The AC and Plaintiff's brief repeatedly refer to exhibits attached to the AC, and Plaintiff's position appears to be that the AC need not allege facts because the pertinent facts can be found in the exhibits. (D.I. 47 at 1–2.) But nothing in the exhibits plausibly suggests that PDVH is liable to Plaintiff. Exhibit A is a compilation of affidavits submitted in a different case attesting that the affiants' property was confiscated by PDVSA. (D.I. 44, Ex. A.) There are no facts in Exhibit A about PDVH. Exhibit B is a report by the Inter-American Commission on Human Rights regarding Venezuela's 2024 election. (*Id.*, Ex. B.) The report—which does not mention PDVSA or PDVH—has no relevance to Plaintiff's claims, which are based on actions taken by PDVSA in 2002–2003. Exhibit C is a 35-page list of questions and answers regarding various legal issues. (*Id.*, Ex. C.) There is no explanation of the document's source or its relevance to the case. In any event, Exhibit C does not set forth any relevant facts. And Exhibit D appears to be a one-page list of allegations asserted against the Venezuelan government and PDVSA back in February 2003—it does not set forth any relevant facts. (*Id.*, Ex. D.) The AC and its exhibits,

3

considered in combination, do not set forth sufficient facts to plausibly suggest Plaintiff's entitlement to relief from PDVH.[3]

6.  Plaintiff asserts that PDVH is liable for PDVSA's acts in Venezuela as PDVSA's alter ego, but the AC only alleges the following facts in support of alter ego liability: "PDVSA owns 100% of PDVH, appoints its board, and directs Citgo profits to Venezuela." (AC at 3.) Those factual allegations are insufficient to plausibly suggest alter ego liability.[4]

7.  In addition, the AC does not identify a viable cause of action.[5] Although a complaint is not required to spell out particular legal theories, it must allege sufficient facts to plausibly suggest the plaintiff's entitlement to relief under a valid cause of action. *See, e.g.*, *Brown v. City of Phila.*, 750 F. App'x 171, 173 (3d Cir. 2018) (affirming district court's dismissal of *pro se* complaint for failure to state a claim because "even a liberal reading of [the plaintiff's] amended complaint fails to reveal any coherent factual allegations that might support a viable cause of action against the defendants"). The AC purports to assert the following "Causes of Action" "Count 1:

---

[3] Plaintiff's brief asserts that the AC contains 5 exhibits (A through E) (D.I. 47 at 1, 6), but the AC contains only 4 exhibits (A through D). Moreover, Plaintiff's brief lists the exhibits in a different order—*e.g.*, the exhibit Plaintiff's brief asserts is Exhibit E is actually attached to the AC as Exhibit A. (*Id.* at 1, 6; AC Ex. A.)

[4] The AC alleges that PDVH was already determined to be PDVSA's alter ego. (AC at 1 ("Defendants PDVSA and PDVH, its alter ego, are liable under FSIA (28 U.S.C. § 1330), as established in Crystallex Int'l Corp. v. Petroleos de Venezuela, S.A., No. 1:17-mc-00151-LPS, slip op. at 22 (D. Del. Aug. 9, 2018): 'PDVSA is subject to extensive control by the Venezuelan government, with profits flowing to the state and management appointed by Maduro.'").) That is incorrect—the decision cited by Plaintiff found that PDVSA was the alter ego of the Venezuelan government; it did not determine that PDVH is the alter ego of PDVSA. *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380 (D. Del. 2018).

[5] The Court previously explained to Plaintiff that his original complaint did not plead a viable "private civil right of action in district court." (D.I. 24 at 2.)

4

FSIA Expropriation (28 U.S.C. § 1605(a)(3))"; "Count 2: FSIA Non-Commercial Tort (28 U.S.C. § 1605(a)(5))"; and "Count 3: Equitable Relief." (AC at 3–4.)

8. Counts 1 and 2 are not causes of action. Section 1605 of Title 28 of the United States Code provides exceptions to the jurisdictional immunity afforded foreign states under the Foreign Sovereign Immunities Act ("FSIA"). But neither §§ 1605(a)(3) nor 1605(a)(5)—nor any other subsection of § 1605—provides a cause of action. *Republic of Austria v. Altmann*, 541 U.S. 677, 695 n.15 (2004) ("[T]he FSIA simply limits the jurisdiction of federal and state courts to entertain claims against foreign sovereigns. The Act does not create or modify any causes of action[.]"); *Velidor v. L/P/G Benghazi*, 653 F.2d 812, 818 (3d Cir. 1981) ("[The FSIA] does not provide a cause of action or dictate substantive rules of liability.").

9. As to Count 3, the AC states as follows: "Count 3: Equitable Relief: Injunction to preserve Citgo assets, preventing mootness (*Church of Scientology v. U.S.*, 506 U.S. 9 (1992))." (AC at 4.) Equitable relief generally, and injunctions specifically, are remedies, not causes of action. Plaintiff concedes this. (D.I. 47 (Plaintiff's Answering Br.) at 3 ("The injunction to preserve Citgo assets is a remedy tied to these claims, not a standalone count.").)

10. Accordingly, because the AC does not allege facts plausibly suggesting that PDVH is liable to Plaintiff for PDVH's own acts or as an alter ego for PDVSA, the AC fails to state a claim for relief under Rule 12(b)(6).

11. Defendant contends that the AC should be dismissed with prejudice (D.I. 45 at 9–10), and Plaintiff's brief requests leave to amend (D.I. 47 at 5). The Court will not grant unrestricted leave to amend at this time, because (i) Plaintiff has already had more than one opportunity to plead his claims, (ii) Plaintiff has not provided a copy of his proposed amended complaint as required by the local rules, nor does Plaintiff explain how any amendment could

possibly cure the deficiencies identified by PDVH, and (iii) further amendment appears to be futile. That said, the Court is aware of the Third Circuit's instruction that a district court should generally grant leave to amend unless amendment would be futile. Any renewed request for leave to amend must be filed on or before January 16, 2026, and must be accompanied by a copy of the proposed amended pleading.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant PDV Holding, Inc.'s Motion to Dismiss for Failure to State a Claim (D.I. 45) is GRANTED. The Amended Complaint (D.I. 44) is DISMISSED.

2. Any renewed request for leave to amend the complaint must be filed on or before January 16, 2026, and must be accompanied by a copy of the proposed amended pleading.

3. Plaintiff's motion styled, "EMERGENCY MOTION TO LIFT ADMINISTRATIVE SUSPENSION (D.I. 51), OPPOSITION TO DEFENDANT'S MOTION TO STAY OR DISMISS (DKT. 28); CROSS-MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P 65 TO PRESERVE SUCCESSOR-LIABILITY CLAIMS AGAINST PROSPECTIVE PURCHASERS OF CITGO PARENT SHARES; REQUEST FOR COURT TO ENCOURAGE COORDINATION WITH JUDGE STARK ON QUALIFIED SETTLEMENT FUND; AND INDICATIVE RULING REQUEST UNDER 28 U.S.C. § 1292(b) TO FACILITATE IMMEDIATE INTERLOCUTORY APPEAL" (D.I. 52) is DENIED, as the Court has dismissed the operative pleading.

Dated: December 17, 2025

                                                                                                                                                                         _____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE