**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Leroy A. Garrett<br><br>Plaintiff,<br><br>v.<br><br>PDV Holding, Inc.,<br><br>Defendant. | C.A. No. 24-380-JLH |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are numerous motions filed by *pro se* Plaintiff Leroy A. Garrett. (D.I. 60, 67, 70, 71, 72, 80.) Having considered the parties' submissions (D.I. 61, 62, 63, 64, 65, 66, 68, 69, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83) and the applicable law, the Court concludes that the motions should be denied for the following reasons.

1. The Court writes primarily for the parties and presumes familiarity with the procedural history of the case and the Court's prior orders. The Court previously dismissed Plaintiff's claims against Petróleos De Venezuela, S.A. ("PDVSA") for failure to effectuate service. (D.I. 33, 34.) The Court granted Plaintiff's Motion to Amend Complaint. (D.I. 43.) Plaintiff's Amended Complaint (D.I. 44) attempted to assert claims against the remaining Defendant, PDV Holding, Inc. ("PDVH"). The Court then granted Defendant's motion to dismiss and dismissed the Amended Complaint for failure to state a claim. (D.I. 57.) The Court further ordered that any "renewed request for leave to amend the complaint must be filed on or before January 16, 2026, and must be accompanied by a copy of the proposed amended pleading." (*Id.* at 6.) The Court further denied Plaintiff's motion appearing to request a temporary restraining order and preliminary injunction because the Court had dismissed the operative pleading. (*Id.*)

2. Plaintiff subsequently filed a motion for leave to amend and request for further relief (D.I. 60), attaching his proposed Second Amended Complaint (D.I. 60, Ex. 1 ("proposed SAC")).[1] The proposed SAC fails to remedy the previously identified deficiencies in the Amended Complaint.

3. The Court previously dismissed the Amended Complaint because it alleged only "threadbare conclusions" and did not "allege any facts plausibly suggesting PDVH's liability to Plaintiff." (D.I. 57 at 3.) In a section titled "FACTUAL ALLEGATIONS," the proposed SAC states:

> 5. PDVSA's 2002-2003 purges constituted systemic human rights violations (ILO Case No. 2249).
>
> 6. PDVH is PDVSA's alter ego: shared control, undercapitalization, commingling of funds, and use as instrumentality to shield assets from liability (as found in related Crystallex proceedings).[2]
>
> 7. The pending PDVH share sale to Amber Energy (Crystallex Case D.I. 2553 et seq.) will transfer assets with "clean title," extinguishing successor liability for purge victims—the Third Erasure.
>
> 8. On December 18, 2025, OFAC acknowledged Plaintiff's FOIA request for sale licensing records, including human rights/corruption considerations (Exhibit A)—confirming ongoing regulatory review and potential for conditions.

---

[1] The motion is titled, "PLAINTIFF'S RENEWED EMERGENCY MOTION FOR LEAVE TO AMEND COMPLAINT, REINSTATEMENT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND REQUEST FOR INDICATIVE RULING UNDER FED R. CIV. P. 62.1 / 28 U.S.C. § 1292(b)." (D.I. 60.) The Court reviewed the motion when it was filed and determined that it did not present an emergency warranting expedited consideration.

[2] As the Court has already explained to Plaintiff, that assertion is incorrect: "the decision cited by Plaintiff found that PDVSA was the alter ego of the Venezuelan government; it did not determine that PDVH is the alter ego of PDVSA." (D.I. 57 at 4 n.4 (citing *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380 (D. Del. 2018).)

(proposed SAC ¶¶ 5–8.) These allegations are again mere threadbare conclusions that do not allege any facts plausibly suggesting PDVH's liability to Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (explaining that "bare assertions" of a "conclusory nature" "are not entitled to the assumption of truth").

4. The Court previously dismissed the Amended Complaint on the alternative ground that it did not identify a viable cause of action. (D.I. 57 at 4–5.) Although a complaint is not required to spell out particular legal theories, it must allege sufficient facts to plausibly suggest the plaintiff's entitlement to relief under a valid cause of action. *See, e.g.*, *Brown v. City of Phila.*, 750 F. App'x 171, 173 (3d Cir. 2018) (affirming dismissal of *pro se* complaint for failure to state a claim because "even a liberal reading of [the plaintiff's] amended complaint fails to reveal any coherent factual allegations that might support a viable cause of action against the defendants"). Even accepting the above allegations as true, the proposed SAC and Plaintiff's filings do not explain how they plausibly suggest Plaintiff's entitlement to relief under a valid cause of action. The proposed SAC purports to assert the following: "COUNT 1: SUCCESSOR LIABILITY;" "COUNT 2: ALTER EGO LIABILITY;" and "COUNT 3: EQUITABLE RELIEF (Injunction/QSF)." (proposed SAC at 2 ¶¶ 9–13.) As the Court has already explained to Plaintiff, "[e]quitable relief generally, and injunctions specifically, are remedies, not causes of action."[3] (D.I. 57 at 5.) The same goes for alter ego liability. *See, e.g.*, *Trs. of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 192 (3d Cir. 2003) (explaining that alter ego liability is not an independent cause of action "but rather is a means of imposing liability on an

[3] Plaintiff previously acknowledged this. (D.I. 47 at 3 (Plaintiff conceding that his request for an injunction "is a remedy tied to these claims, not a standalone count").)

underlying cause of action"). Similarly, "successor liability" is a legal doctrine that imposes legal obligations on a successor; it is not itself a cause of action.

5. Because the proposed SAC does not allege facts plausibly suggesting Defendant's liability under a viable cause of action, it does not state a claim. Plaintiff has already been given a chance to amend, and the Court determines that further amendment would be futile. To the extent that Plaintiff's motion for leave to amend (D.I. 60) requests additional relief, that request is denied as there is no operative complaint and the Court does not discern a basis for relief. Plaintiff's motion for leave to amend (D.I. 60) is DENIED.

6. Plaintiff's next motion is a "MOTION FOR RECONSIDERATION OF DECEMBER 17, 2025 ORDER AND FOR EQUITABLE RELIEF UNDER ALTER EGO DOCTRINE, CONSTITUTIONAL DUE PROCESS, AND HUMAN RIGHTS PRINCIPLES." (D.I. 67.) Plaintiff "respectfully moves this Court for reconsideration of its December 17, 2025 Order pursuant to Fed. R. Civ. P. 59(e) and 60(b), and for equitable relief recognizing Plaintiff's alter ego claims against PDV Holding, Inc. (PDVH) as liable for Petróleos De Venezuela, S.A.'s (PDVSA) acts." (*Id.* at 1.)

7. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence," not to "rehash arguments already briefed." *Adkins v. Rumsfeld*, 470 F. Supp. 2d 445, 447 (D. Del. 2007) (first quoting *Max's Seafood Cafe by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) and then quoting *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999)). Plaintiff first contends that "intervening developments, including declassified FOIA documents . . . and recent OFAC actions like General License 49 . . . constitute new evidence warranting reconsideration." (D.I. 67 at 2.) But Plaintiff fails to explain how these purported new developments would remedy Plaintiff's failure to allege

facts plausibly supporting a viable cause of action against Defendant. Plaintiff next "openly denounces the U.S. judiciary's pattern of abuse and indifference toward non-corporate victims," citing the *Crystallex* action and the Third Circuit's denial of Plaintiff's appeal. (*Id.*) But one of the many differences between this action and *Crystallex* is that in *Crystallex* the plaintiff/judgment creditor had already obtained a judgment against Venezuela and merely came to this Court to enforce it; here, Plaintiff does not already have a judgment and has not stated any viable claims. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 385–86 (D. Del. 2018). Plaintiff next asserts that "PDVH, as PDVSA's alter ego U.S. subsidiary, is liable for these acts, yet the December 17 Order overlooked this nexus." (D.I. 67 at 2.) But as the Court has explained, there has been no court decision that PDVH is PDVSA's alter ego, *see supra* n.2. Generously construing Plaintiff's remaining contentions, they do not provide a basis for reconsidering the Court's December 17, 2025 Order or any other relief. Accordingly, Plaintiff's motion for reconsideration (D.I. 67) is DENIED.

8. Plaintiff's next motion is a "MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(6) AND/OR TO SUPPLEMENT THE RECORD." (D.I. 70.) Plaintiff seeks "relief from the December 17, 2025 dismissal order under Fed. R. Civ. P. 60(b)(6) due to extraordinary circumstances arising after judgment: the Third Circuit's February 20, 2026 Order #208 in No. 25-3347 denying (and failing even to docket) Plaintiff's amicus curiae submission in the related Citgo execution proceedings." (*Id.* at 1.) The Third Circuit's denial of Plaintiff's attempted submission of an amicus curiae brief in a different proceeding does not meet the standard for reconsideration of this Court's December 17, 2025 Order. Accordingly, Plaintiff's second motion for reconsideration (D.I. 70) is DENIED.

9. Plaintiff's next motion is an "EMERGENCY MOTION FOR SUPPLEMENTAL BRIEFING AND RELIEF TO DISQUALIFY PDVSA AD HOC BOARD IN LIGHT OF U.S. EXECUTIVE BRANCH RECOGNITION OF THE DELCY RODRÍGUEZ GOVERNMENT."[4] (D.I. 71.) This motion seeks relief "under Federal Rule of Appellate Procedure 27 and Third Circuit Local Appellate Rule 27.1." (*Id.* at 1.) The "motion seeks to address the impact of the U.S. Executive Branch's recent recognition (on or about March 5-7, 2026) of Delcy Rodríguez as Venezuela's legitimate interim leader on the PDVSA Ad Hoc Board's standing and participation in these appeals." (*Id.*) Generously construing the motion, the Court does not discern a basis for relief from this Court. Accordingly, Plaintiff's motion (D.I. 71) is DENIED.

10. Plaintiff's next motion is a "MOTION FOR JOINDER OR SUBSTITUTION OF PARTIES UNDER RULES 19 AND 25, PRESERVATION OF ALTER EGO CLAIMS, AND RELATED RELIEF." (D.I. 72.) The motion asserts that

> Dr. Leroy A. Garrett, appearing pro se on behalf of the 23,000 survivors of the PDVSA Petroleum Holocaust[5] (as registered before the Inter American Commission on Human Rights), respectfully moves this Court pursuant to Federal Rules of Civil Procedure 19 and 25 to join or substitute the Delcy Rodríguez government—recognized by the United States as the successor to the Bolivarian Republic of Venezuela—as the proper defendant. This request seeks to preserve the victims' alter ego claims in light of the United States' March 5-7, 2026 recognition determinations, which confirm regime continuity and thereby eliminate anticipated defenses based on non service [sic] or purported changes in representation.

[4] The Court reviewed the motion when it was filed and determined that it did not present an emergency warranting expedited consideration.

[5] As the Court has previously explained to Plaintiff, a "*pro se* litigant may not represent the interest of a class in a class action lawsuit." (D.I. 57 at 1 n.1 (quoting *Ezeyoke v. Ocwen Fed. Bank F.S.B.*, 179 F. App'x 111, 113).)

(*Id.* at 1.) Plaintiff's motion does not provide a basis for relief under Fed. R. Civ. P. 19 or 25. For starters, at the time of filing there was no operative complaint for any putative defendant to be joined or substituted into, as the Court had already dismissed the Amended Complaint. (D.I. 57.) Plaintiff's motion appears to suggest that he seeks to join or substitute the government of Venezuela in lieu of PDVSA (D.I. 72 at 2–3; D.I. 77 at 1–2), but Plaintiff dropped his purported claims against PDVSA (D.I. 60, Ex. 1 ¶¶ 3–4), and the Court dismissed Plaintiff's previous claims against PDVSA for failure to properly effectuate service (D.I. 34). Having generously construed Plaintiff's motion, the Court does not discern a basis for relief under Fed. R. Civ. P. 19 or 25, or for any other relief. Accordingly, Plaintiff's motion for joinder or substitution (D.I. 72) is DENIED.

11. Plaintiff's final motion is a "RENEWED MOTION FOR LEAVE TO AMEND / SUPPLEMENTAL BRIEF FOR CLARIFICATION: FOCUS ON PLAINTIFF'S PERSONAL INJURIES AND CREDITOR STATUS." (D.I. 80.)[6] The motion attempts to clarify that Plaintiff's claims are brought on behalf of himself and that he does not seek to assert a class action. (*Id.* at 1–4.) Although the Court explained to Plaintiff that he could not bring claims on behalf of a class, that was not the basis for the Court's dismissal of the Amended Complaint. Instead, the Court dismissed the Amended Complaint because it did not allege any facts plausibly suggesting Defendant's liability under a valid cause of action. (D.I. 57 at 2–5.) Although the motion requests further leave to amend, it does not attach a proposed amended pleading or otherwise explain how

[6] The Court notes that on April 6, 2026, Plaintiff filed a letter titled "PLAINTIFF'S SUPPLEMENTAL LETTER REGARDING PENDING MOTIONS." (D.I. 79.) Among other things, the letter states: "This letter constitutes Plaintiff's final submission on these motions. Plaintiff will not engage in further motion practice or responses at this stage and respectfully defers to the Court's discretion to rule on the record as it now stands." (*Id.* at 2.) Two weeks later, Plaintiff filed the instant motion. (D.I. 80.)

an amended pleading could resolve the identified deficiencies. And the Court does not discern a basis for any additional relief. Accordingly, Plaintiff's renewed motion for leave to amend (D.I. 80) is DENIED.

Dated: August 28, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE